

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 11, 1966

M. H. Crabb, M.D., Secretary
Texas State Board of Medical Examiners
1714 Medical Arts Building
Fort Worth, Texas

Opinion No. C- 606

Re: Authority to pay the travel-
ing expenses of an out of
state witness appearing be-
fore the Texas State Board
of Medical Examiners, in

Dear Dr. Crabb:          obdience to a subpoena.

You have requested an opinion as to whether an out
of state witness who was subpoenaed by the Texas State
Board of Medical Examiners to appear before it may be paid
his traveling expenses out of monies appropriated to the
Texas State Board of Medical Examiners.

The Texas State Board of Medical Examiners has the
power "to issue subpoenas, and subpoenas duces tecum to com-
pel the attendance of witnesses, the production of books,
records and documents, to administer oaths and to take testi-
mony concerning all matters within its jurisdiction." Arti-
cle 4509, Vernon's Civil Statutes.

Article 4506, Vernon's Civil Statutes, provides in part
as follows:

"The Texas State Board of Medical Ex-
aminers shall have the right to cancel,
revoke, or suspend the license of any prac-
titioner of medicine upon proof of the vio-
lation of the law in any respect with regard
thereto, or for any cause for which the Board
shall be authorized to refuse to admit persons
to its examination, as provided in Article 4505
of the Revised Civil Statutes of Texas, 1925,
as amended.

"Proceedings under this Article shall
be begun by filing charges with the Texas
State Board of Medical Examiners in writing
and under oath.  Said charges may be made by
any person or persons.  The President of the
Texas State Board of Medical Examiners shall
set a time and place for hearing, and shall
cause a copy of the charges together with a
notice of the time and place fixed for hear-
ing, to be served on the respondent or his
counsel at least ten (10) days prior there-
to.  . . . The Board shall thereupon deter-
mine the charges upon their merits."

Item 3 of the current appropriation to the Texas State
Board of Medical Examiners reads as follows:

"For the Years Ending
August 31, 1966   August 31, 1967

"3.  Consumable supplies, and ma-
terials, current and recurring
operating expense (excluding
Board and Staff travel), con-
tingent expenses, expenses for
enforcement purposes and court
costs (including travel expense
for witnesses, publication of
of notices, purchase of evi-
dence, and legal fees), and
capital outlay . . . . . . . .       23,900       23,900"
(Emphasis added).

The presence of the witness in question was necessary
in order for the Board to carry out its duties prescribed by
law.  Therefore, the Legislature has specifically authorized
the payment of travel expense for necessary witnesses and,
since such expenditure is a necessary expense to the perform-
ance of the duties provided by law for the Texas State Board
of Medical Examiners, it is our opinion that such expenditure
does not constitute a gift or donation within the meaning of
Section 51 of Article III of the Constitution of Texas.  You
are therefore advised that the travel voucher submitted with
your request is due and payable.

SUMMARY

Travel expense for an out of state witness
appearing before the Texas State Board of

-2940-

M. H. Crabb, M.D., page 3 (C-606)

Medical Examiners in obedience to a subpoena is payable by virtue of the provisions of Articles 4506 and 4509, Vernon's Civil Statutes, and Item 3 of the current appropriation to the Texas State Board of Medical Examiners.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
H. Grady Chandler
Phillip Crawford
Ben Harrison

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright